CELIA McGUINNESS, ESQ. (SBN 159420)
cmcguinness@mcguinnesslawgrp.com
DEBORAH GETTLEMAN, ESQ. (SBN 267309)
dgettleman@mcguinnesslawgrp.com
McGUINNESS LAW GROUP, PC
155 Grand Ave., Suite 900
Oakland, CA 94612
Telephone: (510) 439-2950
Facsimile: (510) 439-2951

Attorneys for Plaintiffs
Enrique Maya and Rick Maya

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENRIQUE MAYA and RICK MAYA<br><br>Plaintiffs,<br><br>v.<br><br>FORTY NINERS STADIUM MANAGEMENT COMPANY LLC, a Delaware Limited Liability Company; FORTY NINERS FOOTBALL COMPANY LLC, a Delaware Limited Liability Company; FORTY NINERS SC STADIUM COMPANY LLC, a Delaware Limited Liability Company; LANDMARK EVENT STAFFING SERVICES, INC., a Delaware Corporation; and ALLIED UNIVERSAL SECURITY SERVICES UNIVERSAL PROTECTION SERVICE LPP, a California Corporation.<br><br>Defendants. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>1. **Violations of the Americans with Disabilities Act**<br><br>2. **Violations of the Disabled Persons Act**<br><br>3. **Violations of the Unruh Civil Rights Act**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

Defendants, who jointly and severally own and operate Levi's Stadium in Santa Clara County, California, have intentionally and expressly discriminated against Plaintiff Enrique Maya by denying him wheelchair seating at a 49ers game. By their discrimination against Mr. Maya, they also discriminated and retaliated against his son, Rick Maya, who was threatened with ejection or arrest for advocating on his father's behalf. Defendants also rebuffed Plaintiff Rick Maya's pre-litigation efforts to resolve the problem. Defendants' behavior violated Plaintiffs' civil rights and caused them great embarrassment and distress. They seek an injunction to order Defendants to comply with federal and state law, and damages.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331. This Court has jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because Plaintiffs' claims arose within this District and Defendants' business is located in this District.

## PARTIES

3. At all times herein relevant, Plaintiff Enrique Maya was a person with a disability as defined by state and federal law. 42 U.S.C. § 12102; Cal. Gov't Code § 12926(l). He emigrated to the United States as a young man, worked hard during his career, reared a family and bought a house despite a childhood diagnosis of polio. Now, as a senior, his medical condition severely limits his mobility so that he uses a wheelchair whenever he needs to take more than a few steps. His activities of daily living, including walking and taking stairs, lifting and carrying, are limited. He cannot perform them in the same manner and duration as the average person. Moreover, he has a history of, has been diagnosed with and is classified as having a medical condition that limits his activities of daily life.

4. Plaintiff Rick Maya is Plaintiff Enrique Maya's adult son.

5. Defendants Forty Niners Football Company, LLC ("49ers LLC"); Forty Niners SC Stadium Company, LLC (STADCO); and Forty Niners Stadium Management Company LLC

(Niners MGMT") are the owners, operators, lessors, and lessees, of the businesses, properties, facilities, and/or portions thereof located at or about 4900 Marie P. DeBartolo Way, Santa Clara, California 95054 ("Levi's Stadium"). Upon information and belief, based on a review of publicly available documents, Defendant 49ERS LLC owns and operates the Forty Niners football team. Upon information and belief, based on a review of publicly available documents, Defendant NINERS MGMT operates and manages the Stadium. Upon information and belief, based on a review of publicly available documents, Defendant STADCO leases portions of the Stadium from the Santa Clara Stadium Authority, and STADCO then subleases these areas of the Stadium to defendant 49ERS LLC. Upon information and belief, based on a review of publicly available documents, Defendants Landmark Event Staffing Services, Inc. (Landmark) and Allied Universal Security Services Universal Protection Service LLP (Allied) are contracted to provide security services at Levi's Stadium.

6. Plaintiffs are informed and believe that each of the Defendants herein are the agent, servant, employee, representative, joint venturer and/or common enterprise affiliate of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity or joint venture or common enterprise, and are responsible, in some manner, for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

7. Plaintiffs are informed and believe, and on that basis alleges, that each of the named Defendants are legally responsible in some manner for the occurrences herein alleged, and that the injuries as alleged herein were caused by the acts and/or omissions of such Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from certain other Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

8. This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

# FACTUAL ALLEGATIONS

Defendants Discriminated against Enrique Maya

9. On December 10, 2023, Plaintiff Rick Maya took his father, Plaintiff Enrique Maya, and two of his teenage sons to a 49ers football game at Levi's stadium. Rick Maya bought four tickets, originally intending to take his wife and sons. At the last minute his wife could not attend so Rick invited his father instead.

10. When the Maya family arrived at their seats, they observed that the seats were located down approximately seven stairs from the concourse level. Enrique Maya could not navigate those stairs. They also saw that directly behind their seats, on the same level as the concourse, was a row of empty seats designated for wheelchairs, each with a companion seat next to it.

11. Rick Maya pushed his father's wheelchair into one of the empty wheelchair spaces. An usher came up and asked if he had a ticket for that seat. Based upon the usher's behavior, Plaintiffs are informed and believe that the usher is an employee or agent of Defendants. Rick said no, that their tickets were in the same section directly below but his father could not use stairs. He asked an usher if his father could sit in one of the empty wheelchair spaces. The usher said no. Rick Maya asked for another wheelchair seat option for his father. The usher replied that she did not know where Enrique could sit, but he couldn't use those wheelchair spaces.

12. The usher got on her radio, and in a few minutes two security staff arrived. One stood by and the other, known only to the Mayas as "Sean", spoke to the Mayas. Based upon Sean's behavior, Plaintiffs are informed and believe that Sean is an employee or agent of Defendants.

13. Rick Maya again requested that his father use one of the empty wheelchair spaces. Sean said no, on the basis that the Mayas did not purchase wheelchair-accessible seats. Rick explained that Enrique was invited after the tickets were purchased. Sean said, "you don't have a ticket. That's not my problem." Rick pointed out that the wheelchair spaces were unoccupied. He told Sean that his father could not use stairs, and they could not carry him. He said he just

wanted a place where his father could sit safely to watch the game.

14. Sean responded that Enrique could watch the game on the concourse, from one of the TVs hung from the ceiling. Rick, knowing how busy and boisterous the concourse is, with the men's restroom and the beer stand adjacent to their seats, did not want his 78-year old father sitting in a wheelchair in the path of foot traffic for the duration of the game. He said that was not an acceptable alternative. Sean gave them no other option. He said, "move the chair" (referring to Enrique) or we will ask you to leave. Shortly, three uniformed Santa Clara City police officers arrived and stood near Plaintiffs and Sean, watching the conversation between them. The police officers were focused on and observing Plaintiffs. After the officers arrived, Sean told Rick that if he did not stop complaining, he and his family would be ejected from the stadium.

15. Rick and Enrique understood the police presence as a threat of force and/or arrest if Rick continued to advocate for his father to have equal seating. They chose to stop advocating and use the inaccessible seats, rather than leave the game. Enrique advocated to stay at the game because he did not want his family's outing ruined on his account.

16. Rick and his two sons lifted their father out of his wheelchair and carried him down the approximately seven steps to their seats. It was difficult and awkward to do so. Enrique, who had witnessed the entire exchange with the ushers and Sean, was embarrassed that people were staring, particularly after the police arrived. He acquiesced to being carried because he did not want his grandsons to miss the game. He felt ashamed to be carried by his own child and grandchildren. He was acutely aware of the attention he was drawing. The seat, when they placed him in it, was uncomfortable compared to his wheelchair.

17. Rick placed the wheelchair on the concourse level in a place that was not in traffic but within his field of vision, so he could keep an eye on it. The usher told him he could not keep it there. They directed him to put the chair a distance away, out of sight in an alcove under a stair.

18. Enrique spent the entire game distracted, frustrated and embarrassed. Every time someone in the row needed to get in or out past Enrique's seat, Rick would have to move

Enrique's knees left or right because Enrigue could not do it himself. Enrique felt embarrassed that his disability was being graphically demonstrated.

19. Enrique's first thought when Rick had to move his chair away was, "what if I have to use the bathroom?" He tried not to drink anything so that the need would not arise. He hated the experience of being carried so much that he could not bring himself to ask to be carried again, when it became urgent to use the restroom. Then, it was too late. Enrique Maya urinated on himself. He spent the rest of the game in humiliation, dreading that his family would know when they had to carry him back up the stairs at the end of the game. He also had to endure the concourse, elevator, and parking shuttle back to their car, worried that others would see or smell the urine.

20. He felt exposed and unwanted as a person with a disability, and responsible that his family's outing had been ruined because of his disability-related needs.

21. Rick Maya could not enjoy the game, either. He got up several times and walked to where the wheelchair was, to make sure it had not been stolen. He kept trying to think of alternatives that didn't require him to leave either his sons or his father alone. At halftime and the beginning of the fourth quarter, he asked the ushers if his father could move to one of the empty wheelchair spaces. He promised he would not use the companion seat, merely standing behind him instead. The ushers said no each time. Those wheelchair seats went unused the entire game.

22. At the end of the game, Rick and the boys carried Enrique up the stairs. Again, it was difficulty was awkward, and he was worried that they would slip and drop Enrique. He also felt the dampness from the urine on Enrique's pants. He felt frustrated and angry that his father had been mistreated. Walking past the empty wheelchair spaces felt particularly galling to him.

23. Subsequently, Rick Maya called the customer service line at the 49ers organization. When he explained how frustrating and embarrassing the experience had been, the response was "we apologize that happened, it was too bad." But they could not offer him any alternative for the future. Unsatisfied, Rick spoke with a supervisor. The supervisor said, "let us know next time your dad goes to a game and we'll take care of him." Rick asked how his father would know it would not happen again. He requested that the 49ers follow the Americans with

Disabilities Act. The supervisor would not promise that his father would be allowed a wheelchair seat if the ticket was not originally purchased as a wheelchair seat. "We follow the rules of the NFL." The supervisor offered no other options.

24. Enrique Maya experienced humiliation, embarrassment, frustration, physical discomfort, fear, and other kinds of distress because of Defendant's insensitive and illegal conduct. Rick Maya experienced embarrassment, frustration, physical discomfort, and fear.

25. Enrique Maya is deterred from accepting invitations to attend a game at the stadium, or from attending at all, based on his knowledge of how people with disabilities are treated. He also has started refusing to leave the house for other events. He has turned down an offer to see the SF Giants home opening day game, and to see his grandson's college baseball games.

26. Rick Maya is deterred from inviting his father to a 49er's game, for the same reasons. Enrique cannot return to the stadium, and Rick cannot return in company with Enrique, until the discriminatory policy has been remedied and they are assured that Enrique will be treated equally with other visitors.

27. Based upon the conduct alleged above, Plaintiffs are informed and believe that Defendants' behavior is intentional, and that it maintains discriminatory policies and practices in conscious disregard of Enrique Maya's civil rights and those similarly situated.

**FIRST CLAIM FOR RELIEF**
**(For Violations of The Americans with Disabilities Act)**

28. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

29. Title III of the Americans with Disabilities Act ("ADA") prohibits discrimination on the basis of disability by places of public accommodation, such as Levi's Stadium. 42 U.S.C. § 12182(a).

30. Defendants 49ers LLC, STADCO and Niners MGMT, own, lease, and/or operate Levi's Stadium, a professional sports stadium which is a public accommodation under the ADA.

31. Defendants Landmark and Allied are contracted to provide security at Levi's

Stadium.

32. As owners and operators of a place of public accommodation, Defendants are required to provide Enrique Maya, as a disabled person, "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations" of the business. *Id.*

33. Defendants refused to provide Enrique Maya with a wheelchair accessible seat, which was easily available during the entire game. Defendants have a policy and practice to deny available, accessible seats to wheelchair users unless they have pre-purchased an accessible ticket. Able-bodied guests can make a last-minute decision to accept the gift of a ticket to Levi's Stadium, but wheelchair users cannot.

34. As a result, Enrique Maya was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA.

35. Rick Maya was denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or accommodations in violation of the ADA, because of his association with a disabled person in violation of 42 U.S.C. §12182(b)(1)(E), which states, "It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

36. Plaintiff Rick Maya has standing in his own right to claim violations of the ADA, and he has standing through his association with this father, who is a person with a disability.

37. Defendants' discriminatory conduct is capable of repetition, which adversely affects Enrique Maya and Rick Maya, as well as a substantial segment of the disability community and their families who cannot experience the comradery of a football game with their loved ones on an equal basis with people who are not disabled. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Enrique Maya and Rick Maya desire to return to Levi's Stadium together but are deterred from doing so because of Defendants' discriminatory policies, practices and procedures. They would return if they were

certain that its discriminatory policies and practices had ended. An injunction is necessary to ensure that the illegal policies and practices are changed and do not recur.

**SECOND CLAIM FOR RELIEF**
**(For Retaliation and Interference in Violations of The Americans with Disabilities Act)**

38. The ADA prohibits both retaliation against, and coercion of, people who advocate against discriminatory policies and practices:

(a) Retaliation

No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

(b) Interference, coercion, or intimidation

It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

42 U.S.C.A. § 12203.

39. Plaintiff Rick Maya has standing to bring an action for retaliation and interference, coercion, or intimidation against Defendants. His advocacy for his father's rights, for his father's benefit, constituted protected activity under the ADA.

40. Plaintiff Rick Maya has standing in his own right to claim violations of the ADA, and that he has standing through his association with this father, who is a person with a disability.

41. Defendants took material adverse action against Plaintiffs because of Rick Maya's advocacy for his father. They called the police and threatened to have them thrown out of the stadium if Rick did not stop asking for a safe and accessible seating option. The threat of force was directed against the entire family, not just Rick Maya.

42. As a result, Enrique Maya and Rick Maya were denied full and equal enjoyment of and access to Defendants' goods, services, facilities, privileges, advantages or

accommodations in violation of the ADA.

43. Defendants' discriminatory conduct is capable of repetition, which adversely impacts Enrique Maya and Rick Maya, as well as a substantial segment of the disability community and their family who cannot experience the comradery of a football game with their loved ones on an equal basis with people who are not disabled. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Enrique Maya and Rick Maya desire to return to Levi's Stadium together but are deterred from doing so because of Defendants' discriminatory policies, practices and procedures. They would return if they were certain that its discriminatory policies and practices had ended. An injunction is necessary to ensure that the illegal policies and practices are changed and do not recur.

**THIRD CLAIM FOR RELIEF**
**(For Violations of the Disabled Persons Act)**

45. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

46. The Disabled Persons Act provides that physically disabled persons are not to be discriminated against because of their disabilities and that they are entitled to the same equal access as other members of the general public to places of public accommodation, such as Levi's Stadium. Cal. Civil Code § 54.1 (a)(1).

47. Defendants refused to provide Enrique Maya a wheelchair accessible seat, knowing he was a person with a disability, based apparently on the grounds that NFL rules do not require them to do so, and threatened the Maya family with ejection when Rick advocated for his father. In so doing, they violated the Disabled Persons Act.

48. A violation of the ADA also constitutes a separate and independent violation of the Disabled Persons Act. Civil Code § 54.1(d).

49. Plaintiff Rick Maya has standing in his own right to claim violations of Civil Code §§ 54.1 (a)(1) and 54.1(d), and that he has standing through his association with this father, who is a person with a disability.

50. Plaintiffs each have established a violation of the ADA's prohibition against discrimination. They each have established a violation of the DPA as well.

51. As a result of Defendants' discriminatory conduct, Plaintiffs each have suffered emotional distress, including mental anguish, violation of their civil rights and loss of dignity. Accordingly, Each Plaintiff is entitled to recover compensatory damages under the DPA, including actual, statutory and treble damages.

**FOURTH CLAIM FOR RELIEF**
**(For Retaliation and Interference in Violation of the Disabled Persons Act)**

52. A violation of the Americans with Disabilities Act is a separate and independent violation of the Disabled Persons Act. Civil Code § 54.1(d).

53. Plaintiff Rick Maya has standing in his own right to claim violations of Civil Code 54.1(d), and he has standing through his association with this father, who is a person with a disability.

54. Both Plaintiffs have established a violation of the ADA's prohibition against retaliation and interference, coercion and intimidation. They have established a violation of the DPA as well.

55. As a result of Defendants' discriminatory conduct, Plaintiffs each have suffered emotional distress, including mental anguish, violation of their civil rights and loss of dignity. Accordingly, Each Plaintiff is entitled to recover compensatory damages under the DPA, including actual, statutory and treble damages.

**FIFTH CLAIM FOR RELIEF**
**(For Violations of The Unruh Civil Rights Act)**

56. Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in the preceding paragraphs.

57. The Unruh Act prohibits discrimination against physically disabled persons on account of their disabilities and guarantees them full and equal access to "all business establishments of every kind whatsoever." Cal. Civil Code § 51.

58. Levi's Stadium is a business establishment because it provides goods and services, namely entertainment, food, drink and associated amenities, in exchange for money. Defendants are the owners and operators of Levi's Stadium, which they operate for a profit. Each Defendant is a business establishment as well.

59. Defendants denied Enrique Maya equal access to their business establishment in violation of violated the Unruh Act. They also denied Rick Maya equal access to their business establishment in violation of violated the Unruh Act because he was directly harmed as a result of his association with a disabled person.

60. Plaintiff Rick Maya has standing in his own right to claim violations of Civil Code §§ 51(c) and 51(f), and he has standing through his association with this father, who is a person with a disability.

61. Defendants' behavior toward Plaintiffs was knowing and intentional. Both the ushers and Sean expressly told Plaintiffs that Enrique could not use the available wheelchair seating or even keep his wheelchair nearby. They offered no other full and equal option. When given the opportunity to reconsider that position, Defendants' customer service representative and customer service supervisor each stubbornly maintained their discriminatory policy.

62. A violation of the ADA also constitutes a separate and independent violation of the Unruh Act. Cal. Civil Code § 51(f). Both Plaintiffs have established a violation of the ADA. They have established a violation of the Unruh Act as well.

63. Defendants' discriminatory conduct is capable of repetition, which adversely affects Enrique Maya and Rick Maya, as well as a substantial segment of the disability community and their family who cannot experience the comradery of a football game with their loved ones on an equal basis with people who are not disabled. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Enrique Maya and Rick Maya desire to return to Levi's Stadium together but are deterred from doing so because of Defendants' discriminatory policies, practices and procedures. They would return if they were certain that its discriminatory policies and practices had ended. An injunction is necessary to ensure that the illegal policies and practices are changed and do not recur.

64. As a result of Defendants' discriminatory conduct, Plaintiffs have suffered emotional distress, including mental anguish, violation of their civil rights and loss of dignity. Accordingly, each Plaintiff is entitled to recover compensatory damages under the Unruh Act, including actual, statutory and treble damages.

### SIXTH CLAIM FOR RELIEF
### (For Retaliation and Interference in Violation of The Unruh Civil Rights Act)

65. The Unruh Act prohibits behavior in resistance to the exercise of the rights of a person with a disability under §52(c) of the Civil Code:

> Whenever there is reasonable cause to believe that any person or group of persons is engaged in conduct of resistance to the full enjoyment of any of the rights described in this section, and that conduct is of that nature and is intended to deny the full exercise of those rights, . . . any person aggrieved by the conduct may bring a civil action in the appropriate court by filing with it a complaint.

66. Furthermore, the Americans with Disabilities Act prohibits retaliation, intimidation, coercion and intimidation.t 42 U.S.C.A. § 12203.

67. A violation of the ADA is a violation of the Unruh Act under section 51(f) of the California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.

68. Plaintiffs are informed and believe and based thereon allege that Defendants have been engaged in conduct of resistance to Enrique Maya's exercise of his rights to full and equal access to Levi's Stadium as a person with a disability. Moreover, Defendants have engaged in conduct of resistance against Rick Maya's efforts to advocate on behalf of his father's rights. This conduct of resistance against them is a violation of California law as set forth in §52(c) of the Civil Code.

69. Furthermore, Defendants' behavior has subjected Plaintiffs to retaliation, interference, coercion and/or intimidation due to Rick Maya's advocacy for his father's rights as a person with a disability. Such unlawful retaliation, interference, coercion and/or intimidation under the ADA is a violation of California law.

70. As a result of Defendants' behavior, Plaintiffs have suffered emotional distress, humiliation, and unwanted negative attention.

71. Plaintiff Rick Maya has standing in his own right to claim violations of Civil Code §§52(c) as stated above, and that he has associational standing through his relationship with his father, who is a person with a disability.

72. Defendants' discriminatory conduct is capable of repetition, which adversely impacts Enrique Maya Enrique Maya and Rick Maya, as well as a substantial segment of the disability community and their family who cannot experience the comradery of a football game with their loved ones on an equal basis with people who are not disabled. Plaintiffs have no adequate remedy at law to redress the discriminatory conduct of Defendants. Enrique Maya and Rick Maya desire to return to Levi's Stadium together but are deterred from doing so because of Defendants' discriminatory policies, practices and procedures. They would return if they were certain that its discriminatory policies and practices had ended. An injunction is necessary to ensure that the illegal policies and practices are changed and do not recur.

73. As a result of Defendants' discriminatory conduct, Plaintiffs have suffered emotional distress, including mental anguish, violation of their civil rights and loss of dignity. Accordingly, each Plaintiff is entitled to recover compensatory damages under the Unruh Act, including actual, statutory and treble damages.

WHEREFORE, Plaintiffs prays for relief as stated below.

## PRAYER FOR RELIEF

A. For an order enjoining Defendants, their agents, officials, employees and all persons acting in concert with them:

    a. From continuing the unlawful acts, conditions and practices described in this Complaint.

    b. To implement nondiscriminatory protocols, policies and practices that allow wheelchair users invited to an event at Levi's Stadium equal access to seating on the same basis as able-bodied visitors.

    c. To train the ushers, "Sean", and all levels of security and customer service

employees and managers in how to accommodate the rights and needs of disabled persons.

B. Plaintiffs do not seek injunctive relief under Cal. Civ. Code § 55.

C. Award to Plaintiffs appropriate damages, including but not limited to statutory damages, actual damages, treble damages and punitive damages, all according to proof;

D. Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

E. Grant such other and further relief as this Court may deem just and proper.

Date: April 30, 2024　　　　　　　　　　McGUINNESS LAW GROUP, PC

　　　　　　　　　　　　　　　　　　　　*/s/ Celia McGuinness*
　　　　　　　　　　　　　　　　　　　　By CELIA McGUINNESS, Esq.
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

　　　　　　　　　　　　　　　　　　　　ENRIQUE MAYA
　　　　　　　　　　　　　　　　　　　　RICK MAYA

**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Date: April 30, 2024　　　　　　　　　　McGUINNESS LAW GROUP, PC

　　　　　　　　　　　　　　　　　　　　*/s/ Celia McGuinness*
　　　　　　　　　　　　　　　　　　　　By CELIA McGUINNESS, Esq.
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　　ENRIQUE MAYA
　　　　　　　　　　　　　　　　　　　　RICK MAYA