CELIA McGUINNESS, ESQ. (SBN 159420)
cmcguinness@mcguinnesslawgrp.com
DEBORAH GETTLEMAN, ESQ. (SBN 267309)
dgettleman@mcguinnesslawgrp.com
McGUINNESS LAW GROUP, PC
155 Grand Ave., Suite 900
Oakland, CA 94612
Telephone: (510) 439-2950
Facsimile: (510) 439-2951

Attorneys for Plaintiffs
Enrique Maya and Rick Maya

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENRIQUE MAYA and RICK MAYA<br><br>Plaintiffs,<br><br>v.<br><br>FORTY NINERS STADIUM MANAGEMENT COMPANY LLC, a Delaware Limited Liability Company; FORTY NINERS FOOTBALL COMPANY LLC, a Delaware Limited Liability Company; FORTY NINERS SC STADIUM COMPANY LLC, a Delaware Limited Liability Company; LANDMARK EVENT STAFFING SERVICES, INC., a Delaware Corporation; and ALLIED UNIVERSAL SECURITY SERVICES UNIVERSAL PROTECTION SERVICE LPP, a California Corporation.<br><br>Defendants. | CASE NO. 5:24-cv-02585-VKD<br><br><u>Civil Rights</u><br><br>**STIPULATED COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

Plaintiffs ENRIQUE and RICK MAYA (together, "Plaintiffs") filed a Complaint in this action on April 30, 2024, and an Amended Complaint on September 24, 2024, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and pendant California civil rights laws in order to remedy an alleged experience of discrimination and denial of civil rights on the basis of disability by Defendants FORTY NINERS STADIUM MANAGEMENT COMPANY LLC, FORTY NINERS FOOTBALL COMPANY LLC, FORTY NINERS SC STADIUM COMPANY LLC, LANDMARK EVENT STAFFING SERVICES, INC., and UNIVERSAL PROTECTION SERVICE, LP at Levis Stadium ("the Stadium") in Santa Clara, California as of December 2023 and continuing ("the lawsuit" or "this matter").  Plaintiffs allege that Defendants violated this statutory scheme by failing to provide persons with disabilities full and equal access to the Stadium and by denying Plaintiffs' reasonable accommodation requests on the basis of disability. Plaintiffs subsequently dismissed LANDMARK EVENT STAFFING SERVICES, INC., and UNIVERSAL PROTECTION SERVICE, LP. Without agreeing to the truth of Plaintiffs' allegations as set forth above or in the operative pleading in this matter, which allegations the remaining Defendants expressly deny, Defendants FORTY NINERS STADIUM MANAGEMENT COMPANY LLC, FORTY NINERS FOOTBALL COMPANY LLC, and FORTY NINERS SC STADIUM COMPANY LLC,  (together, "the signing defendants", "the Forty Niners" and with Plaintiffs, "the Signing Parties" or "the Parties to this Agreement") agree that it is in their best interests, and Plaintiffs believe it is in the public interest, to resolve Plaintiffs' claims in this matter on mutually agreeable terms without protracted litigation. Therefore, the Parties to this Court-Enforceable Settlement Agreement hereby agree and stipulate to the Court's entry of this Order, which provide as follows:

**JURISDICTION AND VENUE:**

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§1331 and 1345, and 42 U.S.C. §12188(b). Venue is appropriate in this District pursuant to 28 U.S.C. §1391.

2. This Settlement Agreement and Order (sometimes referred to as "the Agreement) shall be a full and final disposition of Plaintiff's claims against the Signing Defendants. The Court will retain jurisdiction to enforce the Order for sixty (60) months after the date it is signed.

**INJUNCTIVE RELIEF:**

3. The Signing Defendants agree as follows:

   a. Defendant FORTY NINERS STADIUM MANAGEMENT COMPANY LLC ("ManCo") operates guest services during games. Manco operates a ticket exchange program under which qualified individuals with tickets for non-accessible seating locations may request in advance of an event to exchange their non-accessible seating tickets for tickets for accessible seating locations when such tickets are available. Guest Services takes the current steps when a guest without accessible tickets requests accessible seats on the day of an event: ManCo provides a pre-event briefing to all Guest Services staff during which ManCo informs the Guest Services staff whether tickets for accessible seating locations are available for exchange. This policy is in writing.

   b. Defendants will create a written policy to reflect the following procedures already being implemented at Levi's Stadium:

   If a person with a mobility disability arrives on game day without an accessible seat, ManCo will:

   i) If during the pre-event briefing, Guest Services staff had been informed that tickets for accessible seating locations are available for exchange, they will inquire whether those tickets still are available at the time of the request. If tickets are still available, Guest Services will offer those seats to the disabled guest and up to three companions, if available, as an even exchange.

   ii) If there are no available tickets for accessible seating locations, Guest Services will inquire whether there are any other accommodations that could be made for the disabled guest, including semi-ambulatory seats, non-accessible seats that are more

accessible that the disabled guest's current seats, Club passes, or other accommodation, and discuss the available options with the disabled guest.

    iii) If there are no solutions acceptable to the disabled guest, ManCo will inform the disabled guest and companions about the already-existing grievance policy and how to raise a grievance.

c. In offering alternative seating as a reasonable accommodation of disability, ManCo will first offer seats at the same or higher price point than the ticket held by the disabled guest. Only if there are not same/higher price point tickets available, will ManCo offer less expensive tickets.

d. ManCo will make all reasonable efforts to expedite these accommodation steps to minimize the amount of game time the disabled guest misses.

e. ManCo provides annual disability training to its employees who are in a position that may require them to interact with members of the public. Manco provides disability training materials to all vendors and third parties who are in a position that may require them to interact with members of the public. The annual disability training includes training regarding accessible ticketing and seating. Within 60 days of signing this Agreement, ManCo will provide a copy of the newly written policy to these employees and vendors.

**MUTUAL RELEASE AND WAIVER:**

    4. Except for all obligations required in this stipulated settlement agreement and order each of the Signing Parties releases and forever discharges each other Signing Party and all parents, subsidiaries, affiliates, predecessors, successors, officers, directors, employees, insurers, attorneys, and agents of each other Signing Party, and of LANDMARK EVENT STAFFING SERVICES, INC., UNIVERSAL PROTECTION SERVICE, LP dba ALLIED UNIVERSAL EVENT SERVICES, CITY OF SANTA CLARA, and THE SANTA CLARA STADIUM AUTHORITY, (collectively, the "released parties"), on behalf of each Signing Party and each Signing Party's heirs, executors, administrators, and assigns, from all claims,

demands, actions, and causes of action relating to Plaintiffs' claims, presently known or unknown, arising out of the lawsuit.

5.  The Signing Parties expressly waive the provisions of section 1542 of the CIVIL CODE OF THE STATE OF CALIFORNIA, which reads as follows: "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

**ENTIRE AGREEMENT AND ORDER:**

6.  This stipulated settlement agreement and order constitutes the entire agreement between the Signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Signing Parties or agents of any of the Signing Parties that is not contained herein shall be enforceable regarding the matters of injunctive relief described herein.

**OTHER MATERIAL TERMS:**

7.  If any provision of this stipulated settlement agreement and order is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable for any reason, in whole or in part, the remaining portions of this stipulated settlement agreement and order will continue with full force and effect. The Signing Parties agree this Court will have jurisdiction to reform such provision(s) to the extent necessary to give maximum legal effect to the intention of the Parties as expressed herein and the Signing Parties agree to be bound by such reformation.

8.  The Signing Parties acknowledge that their respective attorneys have reviewed and drafted this stipulated settlement agreement and order; the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting Party shall not be employed in the interpretation of this stipulated settlement agreement and order.

1     9.    Each Signing Party, without further consideration, and upon request of any other Party, agrees to execute and deliver such other documents and to take such other action as may be necessary or appropriate to give full force and effect to the terms and intent of this agreement.

    10.    This stipulated settlement agreement may be executed in counterparts, including electronic signatures and electronic copies such as PDFs, which, when counterparts have been executed by the Parties, shall constitute this stipulated settlement agreement.

    11.    The individuals signing this stipulated settlement agreement represent that they are authorized to bind their respective Party to this stipulated settlement agreement and order.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

Dated: __2/28__, 2025            PLAINTIFF ENRIQUE MAYA

*[signature: Enrique P Maya]*

Dated: __2/28__, 2025            PLAINTIFF RICK MAYA

*[signature: Rick Maya]*

STIPULATED COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND [PROPOSED] ORDER

1
2
3
4
5
6
7
8  Dated: _February 28_, 2025        DEFENDANT FORTY NINERS STADIUM
9                                    MANAGEMENT COMPANY LLC
                                     By: _*Francine Hughes*_
10                                        D00025FBC0A74A3...
11                                   Print name: _Francine Hughes_
12                                   Title: _Executive Vice President & General Mana_

13 Dated: _2/28/25_, 2025             DEFENDANT FORTY NINERS FOOTBALL
                                      COMPANY LLC
14                                    By: _*Jihad Beauchman*_
15                                        DD6A96265B6C427...
16                                    Print name: _Jihad Beauchman_
17                                    Title: _EVP, General Counsel_

18 Dated: _2/28/25_, 2025             DEFENDANT FORTY NINERS SC STADIUM
19                                    COMPANY LLC
                                      By: _*Jihad Beauchman*_
20                                        DD6A96265B6C427...
21                                    Print name: _Jihad Beauchman_
22                                    Title: _EVP, General Counsel_
23
24
25
26
27
28

- 8 -
STIPULATED COURT-ENFORCEABLE SETTLEMENT AGREEMENT AND [PROPOSED] ORDER

**[PROPOSED] ORDER**

Pursuant to the stipulation of the parties, and for good cause shown, IT IS SO ORDERED.

DATED: _____

_____
Honorable Virginia K. DeMarchi
U.S. Magistrate Judge